IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |  | |
|---|---|---|---|
| VIVEK PISAL, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | Civil Action No. 1:21-cv-506 (RDA/JFA) | |
| | ) | | |
| K12 INC., | ) | | |
| | ) | | |
| Defendant. | ) | | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter comes before the Court on Defendant K12 Inc.'s ("Defendant") Motion to Dismiss ("Motion") Plaintiff Vivek Pisal's ("Plaintiff") Complaint. Dkt. 8.[1] Plaintiff, who is proceeding *pro se*, has been afforded the opportunity to file responsive materials pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) and has responded. Having considered the Motion together with Defendant's Memorandum in Support (Dkt. 9), Plaintiff's Opposition (Dkt. 13), and Defendant's Reply (Dkt. 14), this Court grants the Motion for the reasons that follow.

I. BACKGROUND

For purposes of considering the Motion, the Court accepts all facts contained within Plaintiff's Complaint as true, as it must at the motion-to-dismiss stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

On May 8, 2019, Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging violations of the Americans with Disabilities Act of 1990 ("ADA"). *See* Dkt. 1-1 at 5-6. The EEOC then issued a Dismissal and Notice of Rights. The Notice of Right to Sue was addressed to Plaintiff and Defendant and

---

[1] Defendant is now known as Stride, Inc. *See* Dkt. 9 at 1.

designated August 25, 2020 as the "Date Mailed." *See* Dkt. 1-1 at 4. The Notice of Right to Sue also contained this warning: "Your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost." *Id.* The EEOC included with the Notice of Right to Sue a document titled "Information Related to Filing Suit Under the Laws Enforced by EEOC." That document substantially repeated the warning contained in the Notice of Right to Sue, stating that "[i]n order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge within 90 days of the date you receive this Notice." *Id.*

Plaintiff filed his federal lawsuit in this Court on April 23, 2021, bringing several counts under the ADA—employment discrimination (through his unlawful termination), failure to accommodate, and retaliation. *See* Dkt. 1 at 4, 7. His Complaint alleges that the EEOC issued him a Notice of Right to Sue letter on January 24, 2021. *Id.* at 5. Defendant then moved to dismiss the Complaint for lack of subject matter jurisdiction and for failure to state a claim. *See* Dkt. 9.

## II. STANDARD OF REVIEW

### A. Rule 12(b)(1) Standard

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of an action if the Court lacks subject matter jurisdiction. Defendants can challenge subject matter jurisdiction through a facial challenge to the complaint or a factual challenge to the allegations therein. *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). A facial challenge argues that the complaint fails to allege facts sufficient to support a finding that a court has subject matter jurisdiction. *Id.* Thus, if the Rule 12(b)(1) motion is a facial challenge, "the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Id.* (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). That is, the factual allegations of the complaint are treated as true. *Id.* By contrast, a factual challenge argues that the "jurisdictional

allegations of the complaint" are not true. *Id.* (quoting *Adams*, 697 F.2d at 1219). Accordingly, in a factual challenge "the presumption of truthfulness normally accorded a complaint's allegations does not apply, and the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Id.* A party moving for dismissal for lack of subject matter jurisdiction should prevail only if material jurisdictional facts are not in dispute and the moving party is entitled to prevail as matter of law. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

### B. Rule 12(b)(6) Standard

A Rule 12(b)(6) motion tests the sufficiency of a complaint. *Brockington v. Boykins*, 637 F.3d 503, 506 (4th Cir. 2011). "[T]he reviewing court must determine whether the complaint alleges sufficient facts 'to raise a right to relief above the speculative level[,]'" and dismissal is appropriate only if the well-pleaded facts in the complaint "state a claim that is plausible on its face." *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015) (quoting *Twombly*, 550 U.S. at 555, 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). This analysis is context-specific and requires "the reviewing court to draw on its judicial experience and common sense." *Francis v. Giacometti*, 588 F.3d 186, 193 (4th Cir. 2009).

Mere labels and conclusions declaring that the plaintiff is entitled to relief are not enough. *Twombly*, 550 U.S. at 555. Thus, "naked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief." *Francis*, 588 F.3d at 193 (citations omitted); *see also E. Shore Mkts., Inc. v. J.D. Assoc. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000) ("[W]hile we must take the facts in

the light most favorable to the plaintiff, we need not accept the legal conclusions drawn from the facts . . . . Similarly, we need not accept as true unwarranted inferences, unreasonable conclusions, or arguments."). This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.

Mindful that Plaintiff is proceeding *pro se*, this Court liberally construes his filings. *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014)). That a *pro se* complaint should be liberally construed neither excuses a *pro se* plaintiff of his obligation to "clear the modest hurdle of stating a plausible claim" nor transforms the court into his advocate. *Green v. Sessions*, No. 1:17–cv–01365, 2018 WL 2025299, at *8 (E.D. Va.), *aff'd*, 744 F. App'x 802 (4th Cir. 2018).

### III. ANALYSIS

Defendant moves to dismiss Plaintiff's ADA claim on the ground that it is untimely. The ADA requires that a plaintiff file his complaint within 90 days of receiving a right-to-sue letter from the EEOC. *See* 42 U.S.C. § 12117(a) (making Title VII administrative procedures applicable to ADA actions). Interpreting that statute, the Fourth Circuit has held:

> Before bringing a civil suit for an ADA violation, the aggrieved party must file a charge with the [EEOC]. If the EEOC does not take action within 180 days from the date of filing, the aggrieved party is entitled to notice from the EEOC. Upon notification, i.e. a right to sue letter, the aggrieved party has 90 days to file suit.

*Davis v. Va. Commonwealth Univ.*, 180 F.3d 626, 628 n.3 (4th Cir. 1999) (internal citations omitted). "This ninety-day time period has been strictly construed and, absent waiver, estoppel, or equitable tolling, a lawsuit filed in excess of the ninety-day period will be dismissed." *Moyer v. Shirley Contracting Co.*, LLC, No. 1:21-cv-46, 2021 WL 3671187, at *4 (E.D. Va. Aug. 18, 2021) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 392-93 (1982)). Here, Plaintiff

4

filed suit on April 23, 2021. *See* Dkt. 1.[2] He alleges that he did not receive the Notice of Right to Sue letter from the EEOC until January 24, 2021. *See* Dkt. 13 at 2. The Court must determine whether there is any basis for deeming his Complaint timely filed, even though the date of the Complaint's filing is 241 days after the date affixed to the Notice of Right to Sue letter: August 25, 2020.

Critically, Plaintiff does not argue that equitable tolling applies or that he meets that doctrine's requirements such that his delay in filing this lawsuit should be excused. Instead, he asks the Court to find that his letter did not arrive until January 24, 2021, and deny Defendant's Motion on that basis. *Cf. Dyson v. Henrico Cty. Sch. Bd.*, No. 3:20-cv-547, 2020 WL 7398836, at *4 (E.D. Va. Dec. 16, 2020) ("If the Court finds that the plaintiff filed his or her complaint more than 90 days after receipt of the right-to-sue letter, the Fourth Circuit has adopted a flexible rule which allows a court to then determine whether equitable tolling applies.") (citing *Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir. 1987)).

"If there is evidence of the actual date on which the plaintiff received notice" of the EEOC's right to sue letter, "that date controls." *Tillery v. Piedmont Airlines, Inc.*, No. 1:15-cv-1256, 2016 WL 5334673, at *6 (E.D. Va. Sept. 22, 2016) (citing *Panyanouvong v. Vienna Wolftrap Hotel*, 525 F. Supp. 1166, 1168 (E.D. Va. 1986)). "Absent such evidence, the plaintiff will be presumed to have received the notice three days after the EEOC sent it." *Id.* In this case, the actual date Plaintiff received the EEOC notice is disputed, which means this Court starts with the presumption that Plaintiff received the Notice of Right to Sue letter three days after the EEOC mailed it on

---

[2] Though Plaintiff dated the Complaint January 20, 2021, he clarifies in his Opposition to Defendant's Motion to Dismiss that this was an error, and that he actually signed the Complaint on April 20, 2021. *See* Dkt. 13 at 1-2.

August 25, 2020.  Plaintiff "may rebut this presumption with contrary evidence."  *Dyson v. Henrico Cty. Sch. Bd.*, 2020 WL 7398836, at *4 (E.D. Va. Dec. 16, 2020).  But a "plaintiff bears the burden of demonstrating that he or she timely filed his or her claim after receiving notice from the EEOC of his or her right to sue."  *Id.*

The EEOC documented that the Notice of Right to Sue was mailed to Plaintiff on August 25, 2020.  Dkt. 1-1 at 4.  Furthermore, the postmark on the copy of the letter that was mailed to Defendant's counsel reflects a mailing on August 26, 2020.  Dkt. 9-1 at 1.

In response, Plaintiff contends that his purported receipt of Notice of Right to Sue Letter on January 24, 2021 was due to "possible delays from EEOC in posting letters due to COVID." This Court acknowledges that the three-day presumption may be rebutted more often in periods, such as during the COVID-19 pandemic, in which mail delays are more frequent.  Plaintiff does not claim that he changed his address during the period in question, acknowledging that he has continuously lived at the same location that appears on his Charge, the Notice of Right to Sue, and his Complaint.  There is consequently no dispute that EEOC mailed the Notice of Right to Sue to the correct home address for Plaintiff.  Therefore, to credit Plaintiff's contrary assertion that his EEOC notice took five months to arrive at his home in Prince William County, Virginia from Washington, D.C., this Court requires evidence sufficient to rebut the presumption.

The Court finds that Plaintiff has not carried his burden of showing that he timely filed his Complaint within 90 days of receiving the EEOC notice.  *See Dyson*, 2020 WL 7398836, at *4. The only support Plaintiff offers in opposing Defendant's Motion is a curious, unauthenticated, document that appears to list the subject lines of several e-mail messages.  Plaintiff suggests this document corroborates his contention that he did not receive the EEOC notice until January of 2021.  But without any details establishing who created this document, this apparent snapshot of

Plaintiff's apparent e-mail traffic is insufficient to support his claim, and this Court is unable to authenticate the document.  Even if the Court were to credit the document, the e-mail correspondence it shows would undermine Plaintiff's narrative.  The messages were directed to e-mail addresses, presumably operated by local attorneys, with subject lines including: "EEOC right to suit letter expired" (January 2, 2021); "Received EEOC 'right to sue letter' after investigation and need to file case ASAP" (February 5, 2021); and "File suit for EEOC – ADA, I have 'right to file suit' letter" (February 8, 2021).  Dkt. 13-1.  Plaintiff did not file suit until April 23, 2021, about five months after the EEOC mailed the Notice of Right to Sue Letter to his home address, and he has failed to carry his burden of establishing that this Court should deem his suit as timely filed.  The ADA's 90-day filing period therefore bars Plaintiff's Complaint.  See 42 U.S.C. § 12117(a).

## IV. CONCLUSION

For these reasons, it is hereby ORDERED that Defendant's Motion to Dismiss (Dkt. 8) is GRANTED.  The Complaint (Dkt. 1) is DISMISSED.

To appeal this decision, Plaintiff must file a written notice of appeal with the Clerk of Court within 30 days of the date of entry of this Order.  A notice of appeal is a short statement indicating a desire to appeal, including the date of the order Plaintiff wants to appeal.  Plaintiff need not explain the grounds for appeal until so directed by the court of appeals.  Failure to file a timely notice of appeal waives Plaintiff's right to appeal this decision.

The Clerk is directed to forward copies of this Memorandum Opinion and Order to counsel for Defendant and to Plaintiff, *pro se*, at his address on file, and to close this civil action.

It is SO ORDERED.

Alexandria, Virginia
March 23, 2022

/s/
Rossie D. Alston, Jr.
United States District Judge

7